UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT H. JONES                                                                                      PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:09CV-394-H

JAMES COLLINS et al.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Veterinarian Teresa Gregory, DVM's, motion to dismiss (DN 14). Plaintiff filed a response (DN 27). Defendant Dr. Gregory did not reply. This motion is ripe for review. For the reasons that follow, the motion to dismiss will be granted.

**I.**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Plaintiff divides his complaint (DN 3) and amended complaint (DN 11) into five Counts, and in her motion to dismiss, Defendant Dr. Gregory argues that Plaintiff has failed to state a claim against her as to any claim (DN 14). Defendant Dr. Gregory characterizes the allegations in the complaint as "nothing but the angry, defamatory rhetoric of a man whose dog was picked up by animal control for being a stray" and "an attack on the character of Defendant James Collins that has no place in civil litigation." Plaintiff's response (DN 27) is basically a restatement of his complaint; in fact, much of his response contains photocopies of pages from his complaint.

### A. *Counts #1 and #1A*

Under Count #1, Plaintiff claims a violation of his "rights to have service dogs" under the Americans with Disabilities Act (ADA), and as County #1A, he alleges "vet mal practise which resulted emotional trauma, loss of life, and general deteriration of the physical and mental health of my Dorothy and my puppies."

Plaintiff's allegations with respect to these counts, like the rest of his counts, are primarily directed toward the actions and inactions of Defendant James Collins, not Defendant Dr. Gregory. Plaintiff claims that Defendant Collins, the Shelby County dog catcher, entered

2

onto Plaintiff's private property illegally and without permission and took, by force, Dorothy, a hunting dog and one of Plaintiff's service dogs, who apparently was not wearing a leash, and transported her to the Shelby County Humane Society/Animal Shelter. Plaintiff reports that Defendant Collins stole Dorothy while she was pregnant and only one-third of the way through treatment for kennel cough. Plaintiff advises that while in Defendant Collins' custody Dorothy gave birth to six puppies. Plaintiff contends that the puppies were premature because of the stress caused by Defendant Collins and that two or more died due to lack of care. Plaintiff further alleges:

> Dog cather and dog mutilater scam artist extrordinaie James Collins is a white, tall blue eyed male in his early 30'. What would motivate this person to donate his whole existence is directed toward the mutilation of animals What diabolical emotional pay off does he get while assisting [Defendant] Teresa Gregory butchering over 2000 animals Are humans next on his agenda do we have own hands another Bundy in the making, Do we have wait until this animal mutilation no longer satisfies his depraved lusts. Are there any unsolved crimes, particularly those that include body mutilation. A copy of this suit is being sent to police departments through out this area. Also to Oprey Winfred and other talk show hosts.

Defendant Dr. Gregory contends that while she is mentioned in Count #1, there is no allegation of any conduct that could even, when viewed in a light most favorable to Plaintiff, be construed as pleading a viable cause of action against her. Plaintiff's rant, according to Defendant Dr. Gregory, appears to be that he is opposed to neutering and castrating animals and that Dr. Gregory performs such services. Defendant Dr. Gregory contends that regardless of whether she performed any such services on Plaintiff's dog (which she maintains she did not), such action does not state a cause of action against Defendant Dr. Gregory.

3

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Plaintiff fails to specify under which title he brings his ADA claim. As this is not an employment situation, Title I is inapplicable. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "[A] plaintiff proceeding under title II of the ADA must . . . prove that the exclusion from participation in [a] program was 'solely by reason of [disability].'" *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1036 (6th Cir. 1995). Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 28 U.S.C. § 12182(a). "Title III protects disabled individuals from unequal enjoyment of 'place[s] of public accommodation.'" *Sandison*, 64 F.3d at 1036 (quoting 42 U.S.C. § 12182(a)). Plaintiff fails to allege any facts demonstrating that Defendant Dr. Gregory excluded Plaintiff from participating in any services, programs, or activities of a public entity due to his "disability," or from equally enjoying any public accommodation based on his disability.

As to any veterinary malpractice claim, the Court does not know whether Plaintiff is alleging negligence in castration, in prenatal and postnatal care of Dorothy, or in the death of two puppies. In the complaint, however, Plaintiff does not attribute any injury that the animals may

4

have sustained to Defendant Dr. Gregory.[1] Moreover, although "[t]he affection an owner has for, and receives from, a beloved dog is undeniable[, i]t remains . . . that a dog is property, not a family member. . . . The loss of love and affection resulting from the loss or destruction of personal property is not compensable."[2] *Ammon v. Welty*, 113 S.W.3d 185, 187 (Ky. Ct. App. 2002); *see also Ponder v. Angel Animal Hosp., Inc.*, 762 S.W.2d 846, 847 (Mo. Ct. App. 1988) ("Generally the measure of damages to animals is their difference in fair market value before and after the injury."). Plaintiff has failed to allege a compensable claim as a result of any action or inaction on the part of Defendant Dr. Gregory, warranting dismissal of any negligence claim against her.

### B. Count #2

Plaintiff entitles Count #2 as follows: "Fraudulent Use and Attemptt of Fraud of my money, donations fees, and the contribution of thousands of little children and leading members of this community." He alleges the following "scam":

> Jim Collins takes my pregnant Dorothy keeps her hidden so I can't get her back gets me to sign a waiver giving up my legal rights to Dorothy (which he tried to do by (1) threats "You can't get your dog unless you give me your driving license" (2) by criminal coercion he was not negotiating in good faith He knew he was not going to give up Dorothy and her six unborn puppies who by the way

---

[1]In response to the motion to dismiss, Plaintiff adds under the "Vet Mal Practise" claim that "I am sure that jerking up a pregnant young beagle this is Dorothy's first litter of pups and place in her in strange surroundings with other dogs was a sinificant factor in the premature birth of her pups what woman does not want her family around to support and comfort her this is especially true for the first time who knows what stress and agony this poor Dorothy went throughin these unfamiliar surroundings not even accompied by medical personnell. Vet." Based on this, no veterinarian was involved in taking care of Dorothy or her puppies at the shelter.

[2]In his response to the motion to dismiss, Plaintiff advises, "As any parent knows who has had a child lost or taken the not knowning is the worst. This is the case with Dorothy and me."

5

were alive at this time. The stress of captivity and premature births is certainly a factor in the death of Dorothy's babies.

Phase Two of this diabolical fraud (after getting legal control) [] Collins immediately contacts Teresa Gregory DVM and arerange for Dorothy and her six puppies to be mutilated casterated any fool knows you don't casterate animals untill they have reached a certain age. Teresa gets paid several hundreds of donated $US dollars if she is so interested in the humane why don't she use a laser just as effective and much more humane, and practically no cost to the society. Teresa brags she sometimes worked far into the night casterating animals and has altered (a euphemism for casteration) over 2000 helpless animals. If she is paid $200.00 for each major operation just on this alone she has inmae of $40,000 plus other vet fees comes to easily over $100,000 from this and other vet fees (casteration is condemned by Jewish and Christian law as being inume this all done in the name no-kill. . . .

In Kentucky, the six elements of fraud are as follows: "the defendant a) made a material representation; b) which was false; c) which was known to be false or made recklessly; d) which was made with inducement to be acted upon; e) which plaintiff acted in reliance upon; and f) which caused plaintiff injury." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W. 3d 636, 640 (Ky. Ct. App. 2003) (citing *United Parcel Serv. v. Rickert*, 996 S.W. 2d 464 (1999)).

The foregoing allegations asserted by Plaintiff fail to demonstrate any material representation by Defendant Dr. Gregory on which Plaintiff relied on and which caused him injury. He has, therefore, failed to state a valid fraud claim against Defendant Dr. Gregory.

*C. Count #3*

Under Count #3, he alleges "pain, emotional distress loss of wages" because, despite several petitions, neither Defendant Collins nor Gregory would return Dorothy; two of Dorothy's puppies have died; and "Dorothy is like a family member . . . [and Plaintiff is being denied] taking my 10 year old grandson on a rabbit hunt with Dorothy."

Plaintiff has failed to demonstrate either the negligent or intentional infliction emotional distress by Defendant Dr. Gregory. With respect to any negligent-infliction-of-emotional-distress claim, it is well settled in Kentucky, "that 'an action will not lie for fright, shock or mental anguish which is unaccompanied by physical contact or injury. . . .'" *Deutsch v. Shein*, 597 S.W. 2d 141, 145-46 (Ky. 1980) (quoting *Morgan v. Hightower's Adm'r*, 163 S.W. 2d 21, 22 (1942)). Plaintiff does not complain of suffering any physical contact or injury, slight or otherwise, which would support his claim for mental suffering. Accordingly, his claim of negligent infliction of emotional distress will be dismissed.

The tort of intentional infliction of emotional distress "is not available for 'petty insults, unkind words and minor indignities.' Nor is it to compensate for behavior that is 'cold, callous and lacking sensitivity.' Rather, it is intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees." *Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky. 2000) (citations omitted); *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 805-06 (6th Cir. 1994) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.") (quoting Comment d to § 46 of the Restatement) (emphasis omitted). Plaintiff has not alleged facts sufficient to suggest that any of Defendant Dr. Gregory's conduct occurred with the intent to cause extreme emotional distress. The Court simply cannot find that any of Defendant Dr. Gregory's behavior alleged by Plaintiff was "truly outrageous, intolerable and . . . results in bringing one to his knees." *Osborne*, 31 S.W.3d at 914. Plaintiff has, therefore, also failed to state a claim for intentional infliction of emotional distress and that claim will be dismissed.

*D. Count #4*

As the fourth claim, Plaintiff alleges:

> The Board of Directors and other people in authority and especially Rusty [Newport][3] CEO/Director of Shelby Humane and Animal Shelter. Failure of properly vetting, obtaining a proper psychogical evaluation by a licensed person compent to make such an evaluation. Had yhey done so James Collins would never have been hired and the mutilation and other broken laws in this lawsuit could have been prevented.

Plaintiff fails to allege any facts related to Defendant Dr. Gregory with respect to this vague claim of negligent hiring. Count #4 fails as a matter of law against Defendant Dr. Gregory and must be dismissed.

*E. Count #5*

Finally, as his last count of error, Plaintiff alleges a violation of his "constitutional right of pursuit of happiness." He explains that he has a ten-year-old grandson and "what better way to teach him the value of life and []wonderment of an animal giving birth as for him to observe one of God's creatures giving birth to no less than six little beagle puppies"; "[w]hat greater pursuit of happiness can there be for a 76 old grandfather than teaching his granson the most []wholesome of all sports for men and boys hunting and fishing."

Neither the federal Constitution nor its amendments guarantee a generalized right to the pursuit of happiness. *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system. Although the Constitution provides many important

---

[3]Plaintiff amended his complaint to name Rusty Newport as Defendant, advising that he mistakenly misidentified that Defendant as Rusty Newsome in the original complaint.

protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments."); *Cobble v. Value City Furniture*, Civil Action No. 3:06CV-631-M, 2007 WL 2228156, at *4 (W.D. Ky. July 27, 2007) ("[T]he pursuit of happiness is not a legally cognizable interest."). Count #5 must also be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendant Dr. Gregory's motion to dismiss (DN 14) is **GRANTED** as a matter of law and that the claims against her are **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED to terminate Defendant Dr. Gregory** as a defendant to this action.

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4412.005